UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RODNEY L. HURD,

    Petitioner,

v.                                                         CASE NO. 6:16-cv-688-Orl-37-GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, *et al.*,

    Respondents.
_____/

## **ORDER**

This cause is before the Court on Petitioner Rodney L. Hurd's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. Section 2254, containing eight grounds for relief. Respondents filed a Response to the Petition ("Response," Doc. 15) in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner filed a Reply to the Response ("Reply," Doc. 20). No evidentiary proceedings are required in this Court.

### I.    PROCEDURAL HISTORY

On January 14, 2011, Petitioner was arrested and charged with: (1) attempted second degree murder of a law enforcement officer with a weapon in violation of Section 782.04(2), Florida Statutes; (2) aggravated battery with a deadly weapon (a motor vehicle) on a law enforcement officer, in violation of Section 784.07(2)(D), Florida Statutes; (3) aggravated assault with a deadly weapon (a motor vehicle) on a law enforcement officer in violation of Section 784.07(2)(C), Florida Statutes; (4) resisting an officer with violence, in violation of Section 843.01, Florida Statutes; (5) fleeing or attempting to elude a law enforcement officer in violation

of Section 316.1935(a), Florida Statutes; (6) driving with a revoked license as a habitual traffic offender in violation of Section 322.34(5), Florida Statutes; and (7) criminal mischief with damage of more than $200, in violation of Section 806.13(1)(B)(2), Florida Statutes. (Doc. 17 Ex. 1 at 27-29, 35-40).

The State dropped the count for criminal mischief (Doc. 17 Ex. 1 at 141), and Petitioner pleaded guilty to driving with a revoked license (*id.* at 144). On October 13, 2011, a jury found Petitioner guilty of aggravated assault with a deadly weapon on a law enforcement officer, resisting an officer with violence, and attempted voluntary manslaughter—a lesser included offense of the attempted second degree murder charge. (*Id.* at 177-185). The trial court sentenced Petitioner to 180 months imprisonment for both the attempted voluntary manslaughter and the aggravated battery convictions, to run concurrently.

Petitioner appealed; his attorney filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether the trial court erred in denying Petitioner's motion for dismissal. (Doc. 17 Ex. 1 at 889-902). The Fifth District Court of Appeal affirmed. *Hurd v. State*, 97 So. 2d 239 (Fla. 5th DCA 2012); (Doc. 17 Ex. 1 at 904-05).

On October 11, 2013, Petitioner filed a state petition for writ of habeas corpus (Doc. 17 Ex. 1 at 907). The writ was denied by the Fifth District Court of Appeal (*id.* at 933), and Petitioner's subsequent motion for rehearing en banc was also denied (*id.* at 940).

On July 25, 2013, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*id.* at 942), which he amended on September 19, 2013. (*Id.* at 984-1028). The court struck three of the grounds summarily and struck the remaining nine

grounds with leave to amend. (*Id.* at 1030-35). Petitioner filed an amended motion and subsequently filed a supplemental motion, as well as another amended motion and memorandum. (*Id.* at 1058-1070; Doc. 17 Ex. 2 at 1-120, 128-35). The trial court denied Petitioner's claims, along with Petitioner's subsequent motion for rehearing. (Doc. 17 Ex. 2 at 137-46, 292-97).

Petitioner appealed the denial of his motion for post-conviction relief. (*Id.* at 307-77; Doc. 17 Ex. 3 at 1-59). The Fifth District Court of Appeals affirmed the trial court's decision on January 26, 2016, and Petitioner's motion for rehearing was denied. (Doc. 17 Ex. 3 at 67, 69).

The present Petition was filed on April 22, 2016. (Doc. 1).

## II.  LEGAL STANDARD

Pursuant to the Antiterrorism Effective Death Penalty Act ("AEDPA"), federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal

3

court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under Section 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. ANALYSIS

Petitioner asserts the following eight grounds for relief in the instant petition:

1. Trial counsel for Petitioner was ineffective for failing to call Detective Goode to testify at trial to corroborate Petitioner's lack of knowledge that police were present at the scene. (Doc. 1 at 9).

2. Trial counsel for Petitioner was ineffective for failing to request a jury instruction on reckless driving as a lesser included offense of aggravated assault of a law enforcement officer with a weapon. (*Id.* at 10).

3. Trial counsel for Petitioner was ineffective for failing to request a jury instruction on self-defense for attempted voluntary manslaughter and aggravated assault on a law enforcement officer with a weapon. (*Id.* at 12).

4. The trial court erroneously reclassified attempted voluntary manslaughter to Section 775.087, Florida Statutes. (*Id.* at 14).

5. The trial court erroneously reclassified aggravated assault of a law enforcement officer to Section 784.07(2)(c), Florida Statutes. (*Id.* at 15).

6. Petitioner's sentences for attempted voluntary manslaughter and aggravated assault of a law enforcement officer exceed the statutory maximum. (*Id.* at 16).

7. The trial court erroneously instructed the jury on manslaughter when it failed to instruct on culpable negligence. (*Id.* at 17).[1]

---

[1] Although Petitioner phrases the title to Ground Seven as an error of the trial court, Petitioner subsequently states that "counsel's ineffectiveness in ground[s] 1 thr[ough] 7 affected the

8. The trial court erroneously denied Petitioner's motion for judgment of acquittal, as Petitioner abandoned any attempt to commit the charged offense. (*Id.* at 19).

   **A. Grounds One, Two, Three, and Seven**

In grounds One, Two, Three, and Seven, Petitioner argues that he received ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). "[H]indsight is discounted by pegging adequacy to counsel's perspective at the time . . . and by giving a heavy measure of deference to counsel's judgments."

---

fairness[] and reliability of the proceeding, undermining any confidence in the outcome." (Doc. 1 at 19). Accordingly, the Court will address Ground Seven as a claim for ineffective assistance of counsel.

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*Rompilla v. Beard*, 545 U.S. 374, 381 (2005) (citation and internal quotation marks omitted).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

    i.    <u>Grounds One and Seven</u>

In Ground One, Petitioner contends that his trial counsel erred by failing to call Detective Goode to testify at trial. Petitioner urges that Detective Goode's testimony would have corroborated Petitioner's version of events, including that he did not know the cars swooping in to block his path were police vehicles, that he panicked, and that the unmarked police vehicles did not use lights or sirens while approaching and attempting to surround Petitioner.

7

In Ground Seven, Petitioner further challenges that his counsel[3] erred by not requesting a jury instruction on culpable negligence for the manslaughter offense. Petitioner argues that without benefit of the instruction, the jurors were denied a full understanding of the requirements to convict Petitioner on that offense.

Petitioner presented these arguments to the state court as grounds six and one, respectively, in his Amended and Supplemental Motions for Post-Conviction Relief. The court found that "there is no reasonable probability the outcome of the trial would have been different had Detective Goode testified that [Petitioner] tried to drive away because he panicked. The fact that [Petitioner] may have panicked would not have precluded the jury from convicting him of these offenses." (Doc. 17 Ex. 2 at 142). The state court also explained that

> [Petitioner] was in fact able to submit to the jury that he had no intention of inflicting death or great bodily harm on Detective Harrington. In his opening statement, [Petitioner's trial] counsel stated that the evidence would show the [Petitioner] had 'no intent, whatsoever, to run anybody over.' Defense witness Serita Cyprian testified that the [Petitioner] 'did not try to hit that man whatsoever.' In his closing argument, [Petitioner's trial] counsel argued that the evidence showed the Defendant was not trying to run over Detective Harrington but was trying to flee the scene.

(*Id.* at 139 (internal citations omitted); Doc. 17 Ex. 1 at 278, 280, 618-19, 707-08).

The state court further explained that intent to cause death is not an element of attempted second degree murder or attempted voluntary manslaughter, therefore, "submission to the jury of [Petitioner's] lack of intent to cause Detective Harrington's death would not have precluded the

---

[3] *See supra* n.1.

jury from convicting him of those crimes, regardless of whether the jury was instructed on culpable negligence." (Doc. 17 Ex. 2 at 139). *See* Fla. Std. Jury Instr. (Crim.) 6.4, 6.6.  "[T]he jury was instructed regarding the lesser-included offense of Attempted Voluntary Manslaughter that the [Petitioner] could not be convicted of the offense by committing a merely negligent act.  Thus, had the jury believed that [Petitioner's] actions were merely negligent, it would have acquitted him of the offense." (Doc. 17 Ex. 2 at 139; Doc. 17 Ex. 1 at 764).

Additionally, Petitioner "admitted [that] he knew that officers were present in the parking lot before the takedown. . . . [T]estimony established that Detective Harrington had his lights activated when he approached [Petitioner's] truck . . . and was wearing a black vest with 'POLICE' in five-inch letters on the front." (Doc. 17 Ex. 2 at 140; Doc. 17 Ex. 1 at 287, 306, 326, 360, 411, 439, 466, 532-33, 535-36, 554-55).  And, other testimony "established that there were other paths of travel that [Petitioner] could have taken to get away." (Doc. 17 Ex. 2 at 140; Doc. 17 Ex. 1 at 299, 336, 350-51, 379-80, 383, 416, 442-43, 458, 470-71).

Although Petitioner asserts that Detective Goode's testimony would have carried a lot of weight with the jury and generally contends that the evidence supports a lesser included offense of culpable negligence, those factors are not determinative. *See White*, 972 F.2d at 1220-21.  The trial court determined that defense counsel was not ineffective for the reasons stated in its order. This decision was affirmed by the Fifth District Court of Appeals. (Doc. 17 Ex. 3 at 69).

Deference under AEDPA should be given to the state court's decision.  Petitioner raised these issues in his post-conviction motion for relief under Florida Rules of Criminal Procedure Rule 3.850, the trial court denied them, and the appellate court affirmed.  Petitioner has not

9

demonstrated deficient performance by trial counsel, nor the existence of a reasonable probability that the outcome of the trial would have been different if his counsel had called Detective Goode to testify. The state court's adjudication of this claim is not contrary to or an unreasonable application of *Strickland*, or based on an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to relief on Grounds One and Seven.

    ii.    <u>Ground Two</u>

In Ground Two, Petitioner contends that his trial counsel erred by failing to request a jury instruction on reckless driving as a lesser included offense of aggravated assault of a law enforcement officer with a weapon.

Under Florida law,

> [u]pon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: (1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements.

*Khianthalat v. State*, 974 So. 2d 359, 361 (Fla. 2008) (citation and internal quotation marks omitted). "An instruction on a permissive lesser included offense is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." *Williams v. State*, 957 So.2d 595, 599 (Fla. 2007).

Petitioner presented this argument to the state court as ground three in his Amended and Supplemental Motions for Post-Conviction Relief. The state court found that, although "[r]eckless driving is a permissible lesser-included offense of aggravated assault on a law

10

enforcement officer when the alleged deadly weapon is an automobile[,]" there was "no reasonable probability the outcome of the trial would have been different had counsel requested, and the [c]ourt granted, a jury instruction on reckless driving." (Doc. 17 Ex. 2 at 141). Citing the same testimony described in Ground One above, the state court explained that the "evidence presented at trial does not support a finding of reckless driving. . . . [C]ontrary to [Petitioner's] allegations, the evidence established that he knew he was being approached by law enforcement officers and intentionally pursued Detective Harrington with his vehicle despite the ability to otherwise flee the scene." (*Id.*).

Petitioner contends that the facts irrefutably support his theory that he was attempting to evade the unmarked police vehicles and lacked knowledge of police presence. However, Petitioner's argument is not persuasive. The Court concludes that the state court's decision to deny this claim in Petitioner's Rule 3.850 motion was not based on an unreasonable determination of the facts in light of the evidence presented. Nor is the state court's adjudication of this claim contrary to or an unreasonable application of *Strickland*.

As with Ground One, Petitioner has not demonstrated deficient performance by trial counsel, nor the existence of a reasonable probability that the outcome of the trial would have been different if his counsel had requested a jury instruction on reckless driving, and Petitioner is not entitled to relief on Ground Two.

### iii.   Ground Three

In Ground Three, Petitioner argues that his trial counsel was ineffective for failing to request a jury instruction on self-defense for the offenses of attempted voluntary manslaughter and aggravated assault on a law enforcement officer with a weapon.

Petitioner presented this argument as ground five in his Amended and Supplemental Motions for Post-Conviction Relief. The state court found that the evidence at trial, including evidence establishing that he knew he was being approached by law enforcement officers, did not support a finding of self-defense and that there was, accordingly, "no reasonable probability the outcome of the trial would have been different had counsel requested, and the [c]ourt granted, a jury instruction on self-defense." (Doc. 17 Ex. 2 at 142).

Petitioner argues that the jury, as the trier of fact, should have been given the opportunity to determine the issue of self-defense, based on the substantial evidence adduced at trial on that defense. However, Petitioner concedes that conflicting evidence was elicited at trial regarding whether the unmarked police vehicles had their lights on and whether they knew the vehicles were police vehicles. (Doc. 1 at 12).

Under the circumstances presented, Petitioner has not demonstrated that his counsel erred by not requesting an instruction on self-defense. And, even if counsel did err, Petitioner has failed to show that counsel's representation rendered the result of the trial fundamentally unfair or unreliable. The state court's adjudication of this claim is not contrary to or an unreasonable application of *Strickland*, or based on an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to relief on Ground Three.

## B. Grounds Four, Five, and Six

In Grounds Four, Five, and Six, Petitioner challenges the trial court's application of Florida's sentencing laws. In Ground Four, Petitioner argues that the trial court erred by reclassifying the attempted voluntary manslaughter offense, pursuant to Section 775.087(1)(c), Florida Statutes,[4] as a level seven offense in the Florida sentencing scheme. Petitioner contends that reclassification under Section 775.087(1)(c) does not apply when the deadly weapon used— in this case a motor vehicle—was an essential element of the crime charged.

Similarly, in Ground Five, Petitioner contends that the trial court improperly reclassified the offense of aggravated assault of a law enforcement officer, under Section 784.07(2)(c), Florida Statutes,[5] to a second degree felony. Petitioner asserts that reclassifying the offense to the level

---

[4] Section 775.087(1)(c) provides:

> (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
> . . .
> (c) In the case of a felony of the third degree, to a felony of the second degree.

Fla. Stat. § 775.087(1)(c).

[5] Section 784.07(2)(c) provides:

> (2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer . . . the offense for which the person is charged shall be reclassified as follows:

of a second degree felony under Section 784.07(2)(c) was improper because the assault offense was already reclassified once to the level of "aggravated" assault, a third degree felony, by the nature of using a deadly weapon. *See* Fla. Stat. 784.021.

In Ground Six, Petitioner argues that his sentences for attempted involuntary manslaughter and aggravated assault of a law enforcement officer exceed the statutory maximum for third degree felonies permitted by Sections 777.04(4)(d)(3) and 784.021(a), Florida Statutes. Petitioner argues that "attempted" offenses are scored two levels below the completed offenses and further contends that the motor vehicle was an essential element of the crimes charged, rendering reclassification inappropriate under Section 775.087(1). Ultimately, Petitioner contends that his term of imprisonment cannot exceed five years.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Claims Four, Five, and Six of this Petition are state law sentencing challenges—and Petitioner presented them to the state court on state law, rather than

> . . .
> In the case of aggravated assault, from a felony of the third degree to a felony of the second degree. Notwithstanding any other provision of law, any person convicted of aggravated assault upon a law enforcement officer shall be sentenced to a minimum term of imprisonment of 3 years.

Fla. Stat. § 784.07(2)(c).

14

federal law, grounds. (*See* Doc. 17 Ex. 1 at 1032-34). Therefore, these claims are not cognizable in this federal habeas proceeding.

Further, to the extent Petitioner now presents these claims as violations of his Fifth, Sixth, and Fourteenth Amendment rights under the Constitution, such claims were not exhausted in the state court system. Therefore, these grounds are procedurally barred from federal habeas review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." (internal quotation marks and citations omitted)). Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if the court does not reach the claim on the merits. Petitioner is not entitled to habeas relief on Grounds Four, Five, and Six of the Petition.

**C. Ground Eight**

Finally, Petitioner contends that the trial court erred by denying Petitioner's motion for judgment of acquittal, in violation of his due process rights under the Constitution. This issue was presented to the state court in the *Anders* brief filed by Petitioner's counsel. (Doc. 17 Ex. 1 at 899-900).

The standard of review in a federal habeas corpus proceeding when the claim is one of sufficiency of the evidence was articulated in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781,

61 L.Ed.2d 560 (1979). In *Jackson*, the Court concluded that when considering a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001). Federal courts may not reweigh the evidence. *Jackson*, 443 U.S. at 319. It is the duty of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *Id.*

Petitioner asserts that he abandoned any attempt at manslaughter. However, in his reply, Petitioner recounts and credits evidence demonstrating that, after Detective Harrington blocked Petitioner's truck and exited his unmarked police vehicle, Petitioner got into his truck, used his truck to push Detective Harrington's vehicle out of the way, turned the truck to drive directly at Detective Harrington, and stopped his truck only when Detective Harrington—whom Petitioner had backed into a tree with no place to escape—placed his hand on Petitioner's truck and pointed his gun at Petitioner. (Doc. 20 at 15-16; Doc. 17 Ex. 1 at 292-97, 300-02).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of attempted voluntary manslaughter beyond a reasonable doubt. Ground Eight is therefore denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Rodney L. Hurd (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** at Orlando, Florida, this 24th day of October, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro se* Petitioner
Counsel of Record
OrlP-5